March 8, 2007

                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

ROBERT AND KELLE REICHERT                CIVIL ACTION

VERSUS                                                  NO. 06-5448

FIDELITY NATIONAL PROPERTY, ET AL.      SECTION "A"(2)

**ORDER AND REASONS**

    Before the Court is a **Motion for Summary Judgment (Rec. Doc. 22)** filed by defendant Fidelity National Property and Casualty Insurance Co. Plaintiffs, Robert Reichert and Kelle Reichert, oppose the motion. The motion, set for hearing on February 21, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

    Robert and Kelle Reichert ("Plaintiffs") are the owners of certain immovable property located at 6570 and 6572 Canal Boulevard in New Orleans, Louisiana. Plaintiffs secured a flood insurance policy on the properties, said policy being issued by defendant Fidelity National Property and Casualty Insurance Co. ("Fidelity"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance

Program ("NFIP"). It is undisputed that the policy was in effect when the levees breached in the aftermath of Hurricane Katrina thereby flooding the property.

Fidelity paid Plaintiffs $162,850.64 in connection with the 6570 property and $144,271.91 in connection with the 6572 property. Plaintiffs contend that the properties were constructed in the same year and that both the interior and exterior of the homes were identical when the flood occurred. Plaintiffs complain that Fidelity has never explained why the properties were adjusted differently.

Plaintiffs filed the instant claim against Fidelity because they dispute that the amounts paid for flood damage represent the full amounts due under their policy. Plaintiffs allege that they obtained a contractor's estimate and that the damages directly related to flood damage total $264,552.04 for each property. Plaintiffs seek additional policy proceeds as well as a host of consequential damages for breach of contract under Louisiana law.

Fidelity now moves for summary judgment on Plaintiffs' claims. Fidelity argues that Plaintiffs' claims must be dismissed because they have never filed a Proof of Loss in support of their claim for flood insurance proceeds. Fidelity contends that under binding Fifth Circuit law Plaintiffs' failure to comply with the Proof of Loss requirement precludes them from receiving further benefits under the flood policy. Fidelity also

moves for dismissal of the state law claims as being preempted by federal law.[1]

## II. DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing

---

[1] Plaintiffs do not offer any argument in opposition to Fidelity's motion to dismiss the state law claims as preempted. Nevertheless, the state law claims arising out of Fidelity's handling of this flood claims are preempted under Fifth Circuit precedent.  Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005).  Fidelity is therefore entitled to dismissal of those claims.

3

Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Standard Flood Insurance Policies ("SFIP") require that insureds asserting a claim file a Proof of Loss ("POL") within 60 days, subject to any extensions approved by the Federal Emergency Management Agency ("FEMA"), of sustaining a loss due to flood.[2] Wright, 415 F.3d at 387 (citing 44 C.F.R. §§ 61.13(a), (d), & (e) (1993); Foreman v. Fed. Emer. Mgt. Agency, 138 F.3d 543, 545 (5th Cir. 1998)).  Courts have enforced this requirement strictly, holding that failure to timely file a POL is a valid basis for denying an insured's claim.  Wright, 415 F.3d at 387 (citing Neuser v. Hocker, 246 F.3d 508, 510 (6th Cir. 2001); Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998)).  The NFIP is a federally-administered program supported by funds drawn from the federal treasury.  Wright, 415 F.3d at 388 (citing Gowland, 143 F.3d at 955).  Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal

---

[2] On August 31, 2005, the Acting Federal Insurance Administrator issued a proclamation waiving the POL requirement in certain circumstances and extending the deadline for filing a formal POL to one year from the date of the loss.  (Fidelity Exh. A).

4

requirements for receipt of such funds.  Id. (citing Heckler v. Comm. Health Servs., Inc., 467 U.S. 51, 63 (1984)).

Turning to the instant case, it is undisputed that Plaintiffs did not file a *formal* POL statement pursuant to federal regulations.  The pertinent federal regulations regarding requirements in case of loss state as follows:

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and ***sworn to by you***, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;
>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
> h. Details about who occupied any insured building at the time of loss and for what purpose;
> . . . .

44 C.F.R. § 61, App. A(1), VII(J) (emphasis added).

Plaintiffs contend that they forwarded Fidelity all of the information required by 44 C.F.R. § 61, App. A(1), VII(J), supra, and that their sole oversight was in failing to have their information sworn.  Fidelity, on the other hand, claims that

5

Plaintiffs did not comply at all and points to some of the parts (a) thru (h) above that were lacking in Plaintiffs' submissions. (Rec. Doc. 29, Fidelity Reply at 3-4).  In fact, the truth lies somewhere in the middle because while the Court is not convinced that Plaintiffs' submissions address all of parts (a) thru (h) above, the Court is likewise unpersuaded that Fidelity would have paid Plaintiffs the substantial sums already tendered had they not complied *at all*.  In fact, because Fidelity was able to pay out significant sums to Plaintiffs, and to further supplement those sums at one point, it is clear to the Court that Plaintiffs did submit to Fidelity the information necessary to evaluate and to pay on Plaintiffs' flood claim--this notwithstanding that Plaintiffs did not fully comply with the formal POL requirements enumerated above.

Clearly, Fidelity did not consider the omitted information to be crucial to determining whether Plaintiffs were entitled to flood claim proceeds.  Moreover, Fidelity was not concerned with the fact that Plaintiffs had submitted nothing in sworn form.  Fidelity did not deny Plaintiffs' claim because of deficiencies related to the POL although under clear Fifth Circuit law Fidelity could have done so and Plaintiffs would have had no recourse in the courts.  See, e.g., Foreman, 138 F.3d at 544.  Simply said, this lawsuit grew out of an impasse as to dollar amounts, i.e., whether Fidelity had paid Plaintiffs all that they

were entitled to under federal law.

Section 61 of the C.F.R. includes the following mandate:

> ***You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.*** If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. § 61, App. A(1), VII(R) (emphasis added). Citing this section and relying upon Wright, Gowland, and Foreman, supra, Fidelity contends that Plaintiffs' failure to file a formal POL requires immediate dismissal of this action. In other words, Fidelity takes the position that the formal POL is a condition precedent to having a federal court entertain a claim for additional flood recovery. This Court disagrees.

In Wright, Gowland, and Foreman, the flood claims at issue had been denied prior to suit being filed based in part on the insured's failure to comply with the POL requirement. Given that an insured's failure to comply with the POL requirement gives FEMA an absolute right to deny the claim, it naturally followed in those cases that the insured could not avoid the POL requirement by later seeking redress in federal court. Wright, Gowland, and Foreman recognize FEMA's absolute right to deny a flood claim based on the insured's failure to file a formal POL

7

as defined in 44 C.F.R. § 61, App. A(1), VII(J).  And those cases clarify that FEMA has an absolute right to deny the claim notwithstanding the insured's substantial compliance with the POL requirement, see, e.g., Gowland, 143 F.3d at 953-54, and notwithstanding any affirmative actions on the part of the WYO carrier that mislead the insured into believing that a formal POL is unnecessary, see, e.g., Wright, 415 F.3d at 386.  Given that the NFIP is supported by funds drawn from the federal treasury, the justification for requiring a formal POL *prior to disbursing flood claim proceeds* is obvious.

But in the instant case, Plaintiffs' claim was not rejected based upon their failure to file a formal POL prior to this lawsuit being filed.  In fact, Plaintiffs received substantial payments under their flood policy and Fidelity refused to authorize additional payments based solely on its belief that further benefits could not legally be paid under the rules of the NFIP.  (Rec. Doc. 22, Fidelity Memo, at 2 n.4; Def. Exh. C (Price affid.) at ¶¶ 13-14).  Neither the case law nor the regulations suggest that the formal POL requirement was put in place to serve *solely* as a technical defense to a timely filed lawsuit when deficiencies in the POL played no role whatsoever in the denial of the claim.  Rather, the formal POL serves its purpose when its provisions are strictly enforced *prior to disbursing flood claim proceeds*.

8

Finally, the Court recognizes that binding law in this circuit precludes the application of the doctrine of estoppel where government funds are involved. See, e.g., Foreman, 138 F.3d at 545 (quoting OPM v. Richmond, 496 U.S. 414 (1990)). However, this Court is not finding that Fidelity's actions have in any way prejudiced FEMA's right to deny additional benefits. The Court does find, however, that in this lawsuit Fidelity is attempting to use the formal POL requirements in a hyper-technical way that the law does not envision or require. Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 22)** filed by defendant Fidelity National Property and Casualty Insurance Co. should be and is hereby **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** in that Plaintiffs' state law claims are **DISMISSED** with prejudice. The motion is **DENIED** in all other respects.

* * * * * * * *

*[signature]*