April 5, 2007

```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

ROBERT AND KELLE REICHERT                        CIVIL ACTION

VERSUS                                           NO. 06-5448

FIDELITY NATIONAL PROPERTY, ET AL.               SECTION "A"(2)
```

### **ORDER AND REASONS**

Before the Court is a **Motion for New Trial/Reconsideration (Rec. Doc. 39)** filed by defendant Fidelity National Property and Casualty Insurance Co.  Plaintiffs, Robert Reichert and Kelle Reichert, oppose the motion.  The motion, set for hearing on April 4, 2007, is before the Court on the briefs without oral argument.

Fidelity moves for reconsideration of the Court's Order and Reasons entered on March 9, 2007, in which the Court denied Fidelity's motion for summary judgment.  (Rec. Doc. 37).  Fidelity argues that the Court's reasoning cannot be reconciled with prior binding Fifth Circuit precedent regarding the proof of loss requirement for flood policies.  In other words, even though the Court found the prior cases to be factually distinguishable, Fidelity's position is that the distinction is one without a difference under the law.

The Court has once again reviewed the documents of record, including Plaintiffs' March 16, 2006, transmittal to Fidelity, and the N.F.I.P. Narrative Reports prepared by the adjuster on December 4, 2005, and June 5, 2006.  (Rec. Doc. 26, Exhs. 3, 4, 12, 13, & 14).  These documents, when considered together, contain the same information, if not more, than what would have been included in FEMA's Proof of Loss Form 81-42, had Plaintiffs timely submitted one to Fidelity.  The only notable deficiency is that Plaintiffs did not submit a notarized document.  This Court is of the opinion that Plaintiffs did in fact comply with the proof of loss requirement.  See also Curole v. La. Citizens Prop. Ins. Corp., No. 06-8539, 2007 WL 625933 (E.D. La. Feb. 23, 2007) (McNamara, J.).

Nevertheless, Fidelity's contentions are not easily dismissed in light of the precedents in this circuit that demonstrate that the proof of loss requirement is strictly construed against the insured.  See, e.g., Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998)); Foreman v. Fed. Emer. Mgt. Agency, 138 F.3d 543, 545 (5th Cir. 1998)).  The Court recognizes that in keeping with the trend set by those precedents the Fifth Circuit might very well reverse any judgment issued by this Court in Plaintiffs' favor--assuming of course that they prevail on the merits of their claim.  The Court agrees that no one's interest would be served in conducting an expensive trial on the merits

only to have the Fifth Circuit summarily reverse a judgment in favor of Plaintiffs.  Therefore, the Court denies Fidelity's motion expressly noting that ***the Court is of the opinion that this Order, as well as the original Order and Reasons (Rec. Doc. 37) entered on March 9, 2007, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).***
Accordingly;

**IT IS ORDERED** that the **Motion for New Trial/Reconsideration (Rec. Doc. 39)** filed by defendant Fidelity National Property and Casualty Insurance Co. should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this matter is **STAYED** to allow Fidelity to seek an interlocutory appeal with the Fifth Circuit pursuant to 28 U.S.C. § 1292(b).  If the Fifth Circuit grants the application for the interlocutory appeal, the Court will administratively close this matter and remove it from the trial docket;

**IT IS FURTHER ORDERED** that the **Motion for Status Conference (Rec. Doc. 38)** is **DENIED** as moot.

* * * * * * * *

*[signature: Jay C. Zainey]*

3